

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 4 2019

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

**United States District Court**

Northern District of Texas
Fort Worth Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Case Number: 4:18-CR-231-A(01) |
| BLAKE TAYLOR | § | |

## JUDGMENT IN A CRIMINAL CASE

The government was represented by Assistant United States Attorney Dan Cole. The defendant, BLAKE TAYLOR, was represented by Federal Public Defender through Assistant Federal Public Defender Michael A. Lehmann.

The defendant pleaded guilty on November 2, 2018 to counts one and two of the two count indictment filed on September 19, 2018. Accordingly, the court ORDERS that the defendant be, and are hereby, adjudged guilty of such counts involving the following offenses:

| Title & Section / Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18 U.S.C. §§ 2113(a) & (d) and 2 Attempted Bank Robbery | July 19, 2018 | 1 |
| 18 U.S.C. § 924(c)(1)(A)(iii) Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence | July 19, 2018 | 2 |

As pronounced and imposed on February 22, 2019, the defendant is sentenced as provided in this judgment.

The court ORDERS that the defendant immediately pay to the United States, through the Clerk of this Court, a special assessment of $200.00.

The court further ORDERS that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence address, or mailing address, as set forth below, until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court, through the clerk of this court, and the Attorney General, through the United States Attorney for this district, of any material change in the defendant's economic circumstances.

## IMPRISONMENT

The court further ORDERS that the defendant be, and is hereby, committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 180 months as to Count 1 and 360 months as to Count 2 to run consecutively to Count 1, for a total of 540 months. This sentence shall run consecutively to any sentences imposed in Case Nos. 1548104, 1548119, 1551909, and 1551911 in the Tarrant County Criminal Court No. 1, and Case No. 1555043 in the 396th District Court of Tarrant County.

The defendant is remanded to the custody of the United States Marshal.

1

## SUPERVISED RELEASE

The court further ORDERS that, upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years as to count 1 and five (5) years as to count 2, to run concurrently with each other. While on supervised release, the defendant shall comply with the standard conditions ordered by this Court and shall comply with the following additional conditions:

1.    The defendant shall not commit another federal, state, or local crime.

2.    The defendant shall not unlawfully possess a controlled substance.

3.    The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

4.    The defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill.

5.    The defendant shall have no contact with the victims, including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims.

6.    The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered at a rate of at least $25 per month.

7.    The defendant shall participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered at the rate of at least $25 per month.

8.    If, upon commencement of the term of supervised release, any part of the $76,945.55 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $50 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution amount is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release.

9.    The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

2

10. The defendant shall provide to the probation officer complete access to all business and personal financial information.

11. The defendant shall also comply with the Standard Conditions of Supervision as hereinafter set forth.

## Standard Conditions of Supervision

1. The defendant shall report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

3. The defendant shall provide to the U.S. Probation Officer any requested financial information.

4. The defendant shall not leave the judicial district where the defendant is being supervised without the permission of the Court or U.S. Probation Officer.

5. The defendant shall report to the U.S. Probation Officer as directed by the court or U.S. Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month.

6. The defendant shall answer truthfully all inquiries by the U.S. Probation Officer and follow the instructions of the U.S. Probation Officer.

7. The defendant shall support his dependents and meet other family responsibilities.

8. The defendant shall work regularly at a lawful occupation unless excused by the U.S. Probation Officer for schooling, training, or other acceptable reasons.

9. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

10. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

11. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Officer.

13.    The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the U.S. Probation Officer.

14.    The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

15.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The court hereby directs the probation officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, as contemplated and required by 18 U.S.C. § 3583(f).

## FINE

The court did not order a fine because the defendant does not have the financial resource or future earning capacity to pay a fine.

## RESTITUTION

The court further ORDERS defendant shall make full restitution, in the amount of $76,945.55. Restitution is payable immediately, but non-payment will not be a violation of defendant's conditions of supervised release so long as defendant pays as provided in defendant's conditions of supervised release. All restitution payments shall be made by defendant to the Clerk of the U.S. District Court, 501 West 10th Street, Room 310, Fort Worth, TX 76102, for disbursement to the victim whose name and loss amount is listed below:

Veritex Community Bank
8214 Westchester Dr., Suite 800
Dallas, Texas   76225
$76,945.55

## STATEMENT OF REASONS

The "Statement of Reasons" and personal information about the defendant are set forth on the attachment to this judgment.

Signed this the 24th day of February, 2019.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

5

RETURN

I have executed the imprisonment part of this Judgment as follows:

_____

_____

_____

Defendant delivered on _____, 2019 to _____

at _____, with a certified copy of this Judgment.


United States Marshal for the
Northern District of Texas

By _____
    Deputy United States Marshal